IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE  DIVISION


**SAMUEL LEON BROWN,**

    **Plaintiff,**

**vs.**                                                          **CASE NO. 4:06CV174-SPM/AK**

**JEFFERSON COUNTY SHERIFF'S
DEPARTMENT,**
**et al,**
    **Defendants.**

                                   /


## REPORT AND RECOMMENDATION

An Order issued from this Court directing that monthly payments be made from Plaintiff's inmate account (doc. 4), and this was returned as undeliverable on April 25, 2006.  (Doc. 5).  The Clerk's Office searched and was unable to find Plaintiff in the websites for the Bureau of Prisons, Department of Corrections, or Jefferson County Jail. Plaintiff has not contacted the Court to advise of his new address, and at this point there is no means of communicating with him.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734

(1962). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order. Plaintiff has not advised the Court of his new address, there is no means of communicating with him about his case, and therefore, it cannot be prosecuted. Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of May, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 4:06CV174-SPM/AK